# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>vs.<br><br>ANTONIO REYES,<br><br>    Defendant/Petitioner | CIVIL CASE NO. 12CV555-MMA<br>CRIMINAL CASE NO. 09CR2487-MMA<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Doc. No. 75] |

Petitioner Antonio Reyes, proceeding *pro se*, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court has considered the motion, Respondent's opposition, Petitioner's traverse,[1] and all additional supporting documents submitted by the parties. For the following reasons, the Court **DENIES** the motion.

## PROCEDURAL BACKGROUND

On November 5, 2009, a jury convicted Petitioner of one count of importation of marijuana. [Doc. No. 53.] A mistrial was declared on a separate count of possession of marijuana with intent to distribute after the jury was unable to reach a verdict as to that count. [*Id.*] On April 5, 2010, the Court sentenced and committed Petitioner to 46 months in the custody of the Bureau of Prisons, to

---

[1] This document is titled "Petitioner's Response & Statement of Facts in Support of Petitioner's Motion to Vacate, Set Aside, or Correct the Sentence Pursuant [to] 28 U.S.C. § 2255." The Court treats it as Petitioner's traverse.

1  be followed by three years of supervised release. [Doc. No. 64.] Petitioner timely filed a Notice of
2  Appeal on April 6, 2010. On May 25, 2011, the Ninth Circuit filed a memorandum order affirming
3  Petitioner's sentence. [Doc. No. 74.]

4  Petitioner now moves the Court for an order vacating, setting aside, or otherwise correcting
5  his sentence pursuant to 28 U.S.C. § 2255, setting forth multiple grounds for relief. [Doc. No. 75.]
6  Respondent filed an opposition, and Petitioner filed a traverse. [Doc. Nos. 95 & 100.]

### **LEGAL STANDARD**

Under Section 2255, a court may grant relief to a federal prisoner who challenges the imposition or length of his incarceration on any of the following four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, a Section 2255 petition cannot be based on a claim that has already been disposed of by the underlying criminal judgment and ensuing appeal. *See Olney v. United States*, 433 F.2d 161, 162 (9th Cir. 1970) ("[h]aving raised this point unsuccessfully on direct appeal, appellant cannot now seek to relitigate it as part of a petition under Section 2255.").

Even when a Section 2255 petitioner has not raised an alleged error at trial or on direct appeal, the petitioner is procedurally barred from raising an issue in a Section 2255 petition if it could have been raised earlier, unless the petitioner can demonstrate both "cause" for the delay and "prejudice" resulting from the alleged error. "To obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *accord Davis v. United States*, 411 U.S. 233, 242 (1973). To show "actual prejudice" a Section 2255 petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170.

28 ///

The court may dismiss a Section 2255 petition if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Section 2255 Rules. The court need not hold an evidentiary hearing if the allegations are "palpably incredible" or "patently frivolous," or if the issues can be conclusively decided on the basis of the evidence in the record. *See Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *see also United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a Section 2255 claim where the files and records conclusively show that the movant is not entitled to relief").

## DISCUSSION

Petitioner raises various claims, including three for ineffective assistance of counsel, one for abandonment of counsel, and one regarding the retroactivity of a recent Supreme Court case, *United States v. Jones*, 132 S. Ct. 945 (2012). Respondent argues that all claims lack merit.

For the following reasons, the Court finds Petitioner's claims to be without merit. The Court declines to hold an evidentiary hearing, as the issues can be conclusively decided on the basis of the existing record.

### 1. *Ineffective Assistance of Trial Counsel*

Petitioner raises three claims of ineffective assistance of trial counsel based on counsel: (1) failing to move to suppress cell site location information ("CSLI") under the Fourth Amendment; (2) failing to object to testimony of the cellular service provider's records custodian; and (3) failing to accept a continuance offered by the district court to review the CSLI records.

Claims for ineffective assistance of counsel are not subject to procedural default. *Massaro v. United States*, 538 U.S. 500, 504 (2003) (holding that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under Section 2255, whether or not the petitioner could have raised the claim on direct appeal").

To prevail on an ineffective assistance of counsel claim, a petitioner must show both that his counsel's performance fell below an objective standard of reasonableness, and that the deficiency in his counsel's performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). There is a "strong presumption" that counsel's conduct was reasonable. *Id.* at 689. A court

reviewing an ineffective assistance of counsel claim "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Pizzuto v. Arave*, 280 F.3d 949, 955 (9th Cir. 2002) (quoting *Strickland*, 466 U.S. at 697).

Petitioner argues that trial counsel was ineffective in three respects. First, Petitioner claims that trial counsel erred by failing to move to suppress CSLI on Fourth Amendment grounds. Second, Petitioner claims that trial counsel erred by failing to object to testimony of the cellular service provider's records custodian. Third, Petitioner claims that trial counsel erred by declining to accept a continuance offered by the Court to review the CSLI records. All three claims lack merit.

### A. Fourth Amendment Motion to Suppress

Petitioner claims that if trial counsel had moved to suppress the CSLI under the Fourth Amendment there is a reasonable likelihood that the Court would have granted the motion, thus barring the CSLI from trial.

CSLI is information that cellular providers maintain regarding the location of their customers when they make a call. Whenever a cellular customer places a call, the cellular provider records what cell tower transmitted the call, as well as what side of the antenna was used to receive the call. Thus, CSLI "coupled with a basic knowledge of trigonometry makes it possible to identify with reasonable certainty the location from which a call was made." *In re United States Orders pursuant to 18 U.S.C. 2703(d)*, 509 F. Supp. 2d 76, 78 (D. Mass. 2007). CSLI can be either "historical" (i.e., looking back in time to uncover where a phone was at a given time), or "live" (i.e., tracing the location of a phone in real time). Here, the Government requested and received historical CSLI records to demonstrate the location of Petitioner's cell phone in the days prior to his border crossing. The records contradicted Petitioner's statement to United States Customs and Border Protection Officers that he was in Mexico for the three days prior to the border crossing. [*See* Doc. No. 59-1, pp. 46, 51; Doc. No. 59, p. 30-31.]

"The applicability of the Fourth Amendment turns on whether 'the person invoking its protection can claim a justifiable, a reasonable, or a legitimate expectation of privacy' that has been

1 invaded by government action." *Hudson v. Palmer*, 468 U.S. 517, 525 (1984) (quoting *Smith v.*
2 *Maryland*, 442 U.S. 735, 740 (1979) (quotations omitted)). "This inquiry . . . normally embraces
3 two discrete questions. The first is whether the individual, by his conduct, has exhibited an actual
4 (subjective) expectation of privacy . . . . The second question is whether the individual's subjective
5 expectation of privacy is one that society is prepared to recognize as reasonable—whether . . . the
6 individual's expectation, viewed objectively, is justifiable under the circumstances." *Smith*, 442
7 U.S. at 740 (internal citations and quotations omitted).

8 Law related to CSLI and the Fourth Amendment remains scarce, conflicting, and uncertain.
9 *Compare United States v. Velasquez*, 2010 U.S. Dist. LEXIS 118045 (N.D. Cal. Oct. 22, 2010) (no
10 reasonable expectation of privacy for Fourth Amendment purposes in CSLI), *and People v. Hall*, 86
11 A.D.3d 450, 451 (N.Y. App. Div. 1st Dep't 2011) ("[o]btaining defendant's CSLI without a warrant
12 did not violate the Fourth Amendment because . . . defendant had no reasonable expectation of
13 privacy while traveling in public."), *with In re Application of the United States for an Order*
14 *Authorizing the Release of Historical Cell-Site Info.*, 2011 U.S. Dist. LEXIS 15457, at *3 (E.D.N.Y.
15 Feb. 16, 2011) ("when the government seeks access to historical CS[L]I records for an extended
16 period, it must satisfy the requirements for a warrant under the Fourth Amendment.").[2] This was
17 particularly true at the time of Petitioner's trial in 2009.

18 The Court finds no need at present to enter the conversation regarding CSLI and the Fourth
19 Amendment. It is sufficient to point out that Petitioner's insistence that any motion to suppress on
20 Fourth Amendment grounds would succeed is purely speculative, especially in light of the
21 discussion above. Furthermore, Petitioner's claim appears to be based on nothing more than
22 hindsight. The Ninth Circuit has made clear that "'[a] fair assessment of attorney performance
23 requires that every effort be made to eliminate the distorting effects of hindsight . . . .'" *Campbell v.*
24 *Wood*, 18 F.3d 662, 673 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689). In hindsight, a Fourth

---

[2]For further discussion on the variety of complicated issues relating to CSLI see *Hearing on Elec. Commc'ns Privacy Act Reform & the Revolution in Location Based Techs. & Servs. Before the Subcomm. on the Constitution, Civil Rights, and Civil Liberties, S. Comm. on the Judiciary*, 111th Cong. (written testimony of Stephen Wm. Smith, U.S. Mag. J.) (June 24, 2010), *available at* http://judiciary.house.gov/hearings/pdf/Smith100624.pdf (summarizing inconsistent decisions relating to CSLI).

Amendment motion to suppress in this case might seem reasonable; yet this is not the standard applied to consider an attorney's performance.

In any event, Petitioner's claim fails because he cannot demonstrate sufficient prejudice, as required to succeed on an ineffective assistance of counsel claim. In its memorandum opinion, the Ninth Circuit stated, "[t]he 170 pounds of marijuana hidden in the vehicle Reyes drove across the border was 'independent, overwhelming physical evidence' of his guilt." *United States v. Reyes*, No. 10-50173 (9th Cir., May 25, 2011) (quoting *United States v. Whitehead*, 200 F.3d 634, 639 (9th Cir. 2000) (affirming conviction on plain error review because the evidence of 55 pounds of marijuana concealed in defendant's car was 'virtually conclusive of guilt.'). Thus, even if counsel's assistance was ineffective for failing to seek suppression of the CSLI evidence, Petitioner cannot adequately demonstrate sufficient prejudice resulted.

B. Custodian's Testimony

Petitioner also claims that trial counsel rendered incompetent service when he did not object to testimony of the cellular service provider's records custodian. During trial, the Government called a custodian of records from Nextel to authenticate Nextel's records of Petitioner's cell phone use. [*See* Doc. No. 59, p. 19.] Petitioner argues that the custodian's testimony became improper expert testimony when the prosecutor asked the custodian to "explain to the jury why a cell phone registers on a particular cell site[.]" [*Id.* at 31.]

Federal Rule of Evidence 701 states: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. An advisory note to the rule states, "most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert . . . . Such opinion testimony is admitted not because of the experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business." FED. R. EVID. 701 advisory committee's note (2000 Amendments).

1 | The record custodian's testimony in this case was related to particularized knowledge gained
2 | by virtue of his position in the business of a cellular phone provider. Specifically, the custodian
3 | testified how a cell phone registers on a particular cell site, and how to determine the geographic
4 | location of a phone based on which cell site the phone registers on during a call. [*See* Doc. No. 59,
5 | pp. 31-34.] This information not only serves to clarify the CSLI records introduced, but is also
6 | information one would expect a records custodian of a cellular phone provider to possess. Thus, any
7 | objection by Petitioner's counsel to the record custodian's testimony would have been properly
8 | denied.
9 | Finally, even if trial counsel's performance was deficient, Petitioner fails to demonstrate
10 | prejudice. "We conclude that any error in the admission of the custodian's testimony did not affect
11 | [Petitioner's] substantial rights. The 170 pounds of marijuana hidden in the vehicle [Petitioner]
12 | drove across the border was 'independent, overwhelming physical evidence" of his guilt. *Reyes*, No.
13 | 10-50173, at 3 (quoting *United States v. Whitehead*, 200 F.3d 634, 639 (9th Cir. 2000)).

14 | C. Declining Continuance

15 | Petitioner's final ineffective assistance of counsel claim is that trial counsel erred by
16 | declining to accept a continuance offered by the Court to review the CSLI records. Counsel
17 | received the CSLI records six days prior to trial. The Court offered counsel additional time to
18 | review the records before commencing trial; counsel declined. [Doc. No. 58, p. 21.]
19 | As a general proposition, counsel are afforded wide latitude in formulating trial tactics and
20 | strategy. *Hensley v. Crist*, 67 F.3d 181, 185 (9th Cir. 1995). A tactical decision amounts to
21 | ineffective assistance of counsel "only if it was so patently unreasonable that no competent attorney
22 | would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983); *Cf. Strickland*,
23 | 466 U.S. at 690. "The relevant inquiry under *Strickland* is not what defense counsel could have
24 | pursued, but rather whether the choices made by defense counsel were reasonable." *Siripongs v.*
25 | *Calderon*, 133 F.3d 732, 736 (9th Cir. 1988). Here, it was not unreasonable for counsel to decline
26 | the offer for a continuance. First, counsel believed it was in his client's best interests to proceed to
27 | trial, rather than delay trial to a later date. [Doc. No. 58, pp. 20-21.] Second, counsel had six days
28 | to review the CSLI information. Though counsel likely preferred more time, he did not indicate that

he had been denied an adequate opportunity to prepare. [*See id.*, p. 21.] This is likely because–as recognized by the Court and acknowledged by the Ninth Circuit–six days is sufficient under the discovery requirements of Federal Rule of Criminal Procedure 16. [*See* Doc. No. 58, p. 20; *Reyes*, No. 10-50173, at 3.]

Additionally, any error in failing to accept a continuance did not unfairly prejudice Petitioner. As stated previously, the 170 pounds of marijuana hidden in Petitioner's vehicle was independent, overwhelming evidence of Petitioner's guilt. No additional time could have erased this evidence from trial.

### 2. *Abandonment of Counsel*

Next, Petitioner claims that counsel abandoned him post-trial by not returning Petitioner's correspondence, failing to notify Petitioner of the result of his appeal, and not informing Petitioner of his right to file a writ of certiorari with the Supreme Court. *See Traverse*, p. 11. Upon review of the record, the Court finds this claim to be "patently frivolous," not warranting extended discussion, and subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 76 (1977). Petitioner's claim is entirely unfounded and incongruous with the record which shows counsel's frequent work on Petitioner's behalf, including pre-trial, during trial, and post-trial. Moreover, Petitioner fails to demonstrate any prejudice flowing from the alleged abandonment. Petitioner claims that counsel failed to inform him of his ability to file a writ of certiorari to the Supreme Court before the time to do so lapsed. *Traverse*, p. 11.

An indigent criminal defendant has a Sixth Amendment right to the assistance of counsel through his first appeal. *See Anders v. California*, 386 U.S. 738, (1967). He does not have a Sixth Amendment right to counsel in pursuing discretionary certiorari review in the Supreme Court. *Ross v. Moffitt*, 417 U.S. 600, 616-17 (1974). According to the Ninth Circuit, failing to notify a defendant of his need or right to file a writ of certiorari to the Supreme Court does not amount to ineffective assistance of counsel. *Miller v. Keeney*, 882 F.2d 1428, 1432 (9th Cir. 1989) (holding "[i]f a state is not constitutionally required to provide a lawyer, the constitution cannot place any constraints on that lawyer's performance."). Here, Petitioner claims abandonment at a time when counsel's required duties had concluded. Thus, Petitioner's claim for abandonment of counsel fails.

### 3. *Applicability of United States v. Jones*

Finally, Petitioner argues that he is entitled to relief pursuant to new law as articulated in by the Supreme Court in *United States v. Jones*, 132 S.Ct. 945 (2012). For the reasons below, the Court rejects this claim.

In *Jones*, the Supreme Court held that the installation of a GPS unit on an individual's vehicle constituted a "search" under the Fourth Amendment. *Id.* at 955. The Supreme Court carefully delineated the bounds of its holding, however, stating "[i]t is important to be clear about what occurred in this case: The Government physically occupied private property for the purpose of obtaining evidence." *Id.* at 949. Here, there was no such physical occupation of Petitioner's property. Therefore, though *Jones* may have altered the landscape of the Fourth Amendment in some cases, it does not here.

Further, *Jones* does not apply retroactively. In *Teague v. Lane*, 489 U.S. 288 (1989), the Supreme Court unequivocally held that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Id.* at 310. *Teague* provided for an exception to the general rule in two situations: (1) if the new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" and (2) if the new rule "alter[s] our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction." *Id.* at 311 (internal quotations omitted). "Bedrock procedural elements" are those rules that are "central to an accurate determination of innocence or guilt." *Id.* at 313. As explained in *Garcia v. Bradt*, 2012 U.S. Dist. LEXIS 102075 (S.D.N.Y. July 23, 2012):

> Petitioner is not entitled to retroactive application unless the *Jones* rule falls within one of the two exceptions enumerated in *Teague*. The first exception–that a new rule should be applied retroactively if it places primary, private conduct outside the scope of criminal regulation–is not relevant here. The *Jones* rule–requiring police to have a warrant prior to attaching a GPS unit to a suspect's vehicle–does not render any primary, private conduct outside the scope of the police power. The second exception–that a new rule should be applied retroactively if it alters a "bedrock procedural element that must be found to vitiate the fairness of a particular conviction"–is also inapplicable to the *Jones* rule. Simply put, the warrant requirement for police GPS tracking is not "central to an accurate determination of innocence or guilt.

*Id.* at *13. Therefore, Petitioner cannot claim relief based on the *Jones* decision.

///

### CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability before pursuing any appeal from a final order in a Section 2255 proceeding. *See* 28 U.S.C. § 2253(c)(1)(B). When the denial of a Section 2255 motion is based on the merits of the claims in the motion, a district court should issue a certificate of appealability only when the appeal presents a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner is required to show that reasonable jurists could debate whether the issues should have been resolved differently or are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983), superseded on other grounds by 28 U.S.C. § 2253(c)(2)); *see also Mendez v. Knowles*, 556 F.3d 757, 771 (9th Cir. 2009). Furthermore, the Supreme Court has stated:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484. Because Petitioner has not made a substantial showing of the denial of a constitutional right, and because the Court finds that reasonable jurists would not debate the denial of Petitioner's motion, the Court declines to issue a certificate of appealability.

### CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Furthermore, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

DATED: September 20, 2012

Hon. Michael M. Anello
United States District Judge